Filing # 125933942 E-Filed 04/30/2021 12:28:22 PM

IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT
IN AND FOR LEON COUNTY, FLORIDA

TYRON WASHINGTON

    Plaintiffs,

vs.                                         CASE NO.:   2021 CA 000795

CIRCLE K STORES, INC.,

    Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, TYRON WASHINGTON by and through undersigned counsel, hereby sue the Defendants, CIRCLE K STORES, INC. and in support thereof allege as follows:

1. This is an action for damages in excess of $30,000.00 exclusive of interest, costs and attorney's fees. Venue and jurisdiction are vested in the Circuit Court in and for Leon County, Florida as the acts and/or omissions giving rise to the cause of action occurred in Leon County, Florida. The Plaintiffs demand a trial by jury.

2. At all times material hereto, Plaintiff, TYRON WASHINHTON, was a resident of Gadsden County, Florida.

3. Defendant, CIRCLE K STORES, INC. is a Foreign Profit Corporation, and whose principal place of business is located in Maricopa County, Temple, Arizona.

4. At all times material to this cause of action, Defendant, Circle K Stores, Inc. owned and operated the convenient store located at 2807 S. Monroe St, Tallahassee, Florida and was doing business as a filling station.

## STATEMENT OF FACTS

5. On September 27, 2020 Plaintiff, Tyron Washington, was lawfully on the premises of Circle K Stores, Inc. located at 2807 South Monroe in Tallahassee, Florida 32310 as an invitee.

6. Plaintiff Tyron Washington was shot while on the Defendant Circle K Stores, Inc. premises.

7. Plaintiff Tyron Washington was in the parking lot controlled and maintained by Defendant Circle K Stores, Inc. at the time of his shooting.

8. Plaintiff Tyron Washing was shot with a large caliber weapon while in the parking lot Defendant Circle K Stores, Inc.

9. Defendant owed a non-delegable duty to keep invitees such as Plaintiff to use reasonable care in inspection and maintenance of its property and to keep the premises free of unreasonably dangerous conditions and to warn invitees of hazards on the premises.

10. As a result of the shooting, Plaintiff Tyron Washington suffers from permanent physical injuries, conscious mental anguish, pain and suffering in the past and future, past medical expenses and future medical expenses.

## COUNT I – CLAIM AGAINST DEFENDANT CIRCLE K STORES

Plaintiffs Tyron Washington hereby reallege paragraphs 1 though 11 of this Complaint, as if the allegations were set forth fully herein.

11. At all times material hereto, Defendant, Circle K Stores, Inc. itself and through its agents and employees, owed a non-delegable duty to its, invitees and the public to exercise reasonable and ordinary care to keep and maintain its premises in a condition reasonably safe for use by its invitees and the public. In particular, Defendant, Circle K Stores, Inc., had a duty to take such precautions as were reasonably necessary to protect its, invitees and the public, including the Plaintiff Tyron Washington from criminal attacks that were reasonably foreseeable.

12. At all times material hereto, Defendant, Circle K Stores, Inc. through its agents and employees, knew or in the exercise of reasonable care should have known that their premises and areas adjacent were in a *high crime* area, and that there had been numerous criminal acts and attacks

perpetrated on the public in said areas, and that criminal acts and attacks were reasonably likely to be perpetrated on Defendant's, invitees and the public unless Defendant Circle K Stores, Inc., took steps to provide proper security for such individuals.

13. At all times material hereto, Defendant, Circle K Stores, Inc. through its agents and employees, knew or in the exercise of reasonable care should have known that prior to September 27, 2020, numerous violent acts, including, but not limited to, shootings, aggravated batteries, aggravated assaults, rapes, and robberies, had occurred on its premises and/or areas adjacent thereto.

14. Defendant, Circle K Stores, Inc. through its agents and employees, knew or in the exercise of reasonable care should have known that no individual, including the Plaintiff, Tyron Washington had it within their power to take the measures necessary to provide for their own security on the premises.

15. Considering the forgoing, at all times material hereto, the criminal attack perpetrated upon the Plaintiff, Tyron Washington was reasonably foreseeable, and Defendant, Circle K Stores, Inc. was in a superior position to appreciate such hazards and take necessary steps to prevent harm to its, invitees and the public.

16. At the above referenced time and place, Defendant, Circle K Stores, Inc. by and through its agents and employees, breached its duty to exercise reasonable care for the safety and protection of its, invitees and the public, including the Plaintiff, Tyron Washington and acted in a careless and negligent manner through the following acts of omission or commission:

    A. Failing to provide adequate security for its invitees, and the public;

    B. Failing to warn its invitees and the public of the nature and character of its premises when it knew or in the exercise of reasonable care should have known that *numerous criminal incidents of a similar nature* to the one herein (i.e., crimes against persons) had occurred on Defendant's premises and areas adjacent thereto prior to the subject incident;

C. Failing to warn, protect, guard, and secure the safety of its invitees and the public;

D. Failing to police, patrol, guard, deter, and otherwise provide adequate protection for its invitees, and the public;

E. Failing to hire or retain adequate security personnel to patrol or monitor the premises, thereby protecting its invitees, and the public;

F. Failing to have a sufficient number of guards in visible areas to deter crime, thereby protecting, invitees, and the public;

G. Failing to have an adequate number of security guards to protect its invitees, and the public;

H. Failing to hire or retain competent security guards to protect its invitees, and the public;

I. Failing to properly train security guards to be reasonably skillful, competent, or qualified to exercise appropriate and proper security measures so that they could protect its invitees, and the public;

J. Failing to provide proper and sufficient lighting for the premises;

K. Failing to have surveillance cameras throughout the premises;

L. Failing to have an adequate number of surveillance cameras on the premises and in surrounding areas, including but not limited to the areas of the premises where the subject incident occurred;

M. Failing to position surveillance cameras in appropriate locations such that the premises and surrounding areas where the subject incident occurred were monitored or said cameras would act as a deterrent against criminal activity;

N. Failing to have or maintain surveillance cameras in working condition such that every camera was able to monitor and record activity in its line of view;

O. Failing to implement adequate security policies, security measures, and security procedures necessary to protect its invitees and the public;

P. Failing to take additional security measures after being put on notice that the security measures in place were inadequate;

Q. Failing to adequately provide an overall security plan that would meet the known industry standards and customs for safety in the community;

R. Failing to provide a reasonably safe structural layout of the property upon leasing said property;

    S. Failing to implement or upkeep sufficient physical access barriers or impediments such as gates, doors, and fences in and around the property;

    T. Failing to reasonably screen other and their guests who pose a foreseeable risk of harm to other invitees and failing to warn of the dangers such person presented; and,

    U. Additional acts of negligence not yet discovered.

    V. The preceding paragraphs "A" through "U," individually or as a whole, represent strict deviations from the existing standard of care with regard to security as recognized by similar businesses and properties in the local community.

17. Defendant, Circle K Stores, Inc. negligently failed to have any procedures governing the inspection, supervision, or security of the area where the subject incident occurred; or in the alternative, Defendant, Circle K Stores, Inc. did in fact have procedures governing the inspection, supervision, or security of the area where the subject incident occurred but implemented said procedures in a careless and negligent manner.

18. At all times material hereto, Defendant, Circle K Stores, Inc., through its agents and employees, negligently failed to hire persons, employees, or agents reasonably suited for providing, implementing, and maintaining proper security measures to ensure the safety of its invitees and the public.

19. Defendant, Circle K Stores, Inc., through its agents, servants, and employees, created or allowed to be created said dangerous conditions on the subject premises. Further, Defendant, Circle K Stores, Inc. failed to warn its invitees, and the public, including but not limited to the Plaintiff, Tyron Washington of the existence of said dangerous conditions; or in the alternative, did allow said dangerous conditions to exist for a length of time in which a reasonable inspection would have disclosed same.

20. The negligence of Defendant, Circle K Stores, Inc. proximately caused injury to Plaintiff, Tyron Washington and directly led to his criminal attack in that:

A. There was inadequate or nonexistent visible deterrence to prevent said criminal assault;

B. There was inadequate or nonexistent physical deterrence to prevent said criminal assault;

C. Criminals could carry out physical assaults on Defendant's premises without fear of being caught, discovered, or prosecuted; and,

D. An atmosphere was created at Defendant's premises which facilitated the commission of crimes against persons.

21. As a direct and proximate result of Circle K Stores negligence, Plaintiff, suffered great bodily harm, permanent physical injuries, conscious mental anguish, pain and suffering in the past and future, past medical expenses and future medical expenses.

WHEREFORE, Plaintiff, Tyron Washington demand judgment against Defendant, Circle K Stores, for damages in excess of Thirty Thousand Dollars ($30,000.00) together with interest and costs in addition thereto.

## DEMAND FOR JURY TRIAL

Plaintiff, Tyron Washington hereby demand a jury trial for all issues so triable as a matter of right.

Dated: April 30, 2021

/s/ LOUIS J. BAPTISTE
Stephen G. Webster, Esq.
Florida Bar No. 14054
Louis J. Baptiste, Esq.
Florida Bar No. 126082
Webster + Baptiste PLLC
1615 Village Square Blvd., #5
Tallahassee, FL 32309
*Tel: (850) 597-7142*
*Email: lb@swebsterlaw.net*
*Attorney for the Plaintiffs*

6